GREAT WESTERN, INC., 401(K) PROFIT SHARING PLAN, fka Great Western, Inc., Profit Sharing Plan and Trust, Plaintiff—Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant—Appellee.

Great Western, Inc., 401(K) Profit Sharing Plan, fka Great Western, Inc., Profit Sharing Plan and Trust, Plaintiff—Appellant,

v.

State Farm Fire and Casualty Company, Defendant—Appellee.

No. 02–35476, 02–35553.
D.C. No. CV–00–00231–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2003.*

Decided Aug. 18, 2003.

Before BROWNING, ALARCON, and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Great Western, Inc. § 401(k) Profit Sharing Plan ("Great Western") appeals a grant of summary judgment for State Farm Fire and Casualty Co. ("State Farm"). We affirm.

Great Western invested in mortgages and other secured instruments through the National Mortgage Company of Montana ("National"). After learning that National had mishandled several of these investments, Great Western filed suit in Montana state court, and won a default judgment against National. Great Western now claims that the default judgment should be covered by an insurance policy that National had with State Farm. That policy provides:

> [State Farm] will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies. No other obligation or liability to pays sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

The policy defines "property damage" as:

> a. physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use will be considered to occur at the time of the physical injury that caused it; or
>
> b. loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use will be considered to occur at the time of the occurrence that caused it[.]

The question is whether the losses Great Western suffered resulted from "physical injury to or destruction of tangible property."

In its Montana state suit, Great Western won damages for losses in the returns it expected to receive from its investments in mortgages and other secured instruments, and for losses in foreclosure rights and other rights in collateral. Under Montana law, such losses do not constitute "physical injury to or destruction of tangible property." *See Graber v. State Farm Fire & Cas. Co.*, 244 Mont. 265, 797 P.2d 214, 216 (1990) (defining "tangible property" as "property that is capable of being handled, touched or physically possessed," and holding that a suit alleging lost advertising business, lost revenues, and lost business reputation does not allege loss of tangible property); *see also Liberty Bank of Mont. v. Travelers Indem. Co. of Am.*, 870 F.2d 1504, 1508–09 (9th Cir.1989) (holding that a suit alleging the loss of a right to claim a security interest in certain collateral on a loan alleges only an "intangible economic loss," not a loss of "tangible property"); *Am. States Ins. Co. v. Martin*, 662 So.2d 245, 249 (Ala.1995) (citing *Graber* and holding that "strictly economic losses like lost profits, loss of an anticipated benefit of a bargain, and loss of an investment, do not constitute damage or injury to 'tangible' property"). Therefore the insurance policy that National bought from State Farm does not cover National's liability to Great Western.

Great Western argues that National's liability should be covered under the "Products–Completed Operations" ("PCO") provisions of the State Farm policy. The definitions section of the policy provides that: "products-completed operations hazard includes all **bodily injury** and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**property damage** arising out of **your product** or **your work.**" ER 3 at 32 (emphasis in original). But even if the PCO did provide independent coverage, the PCO is limited to "property damage," which is defined as being limited to damage to "tangible property," and Great Western suffered no losses to tangible property.

Great Western argues that insurance policies ought to be construed as they would be understood by a person of average intelligence with no legal training, and that any such person would think that National's insurance policy included coverage for liability for negligence of the sort National committed. But Montana law does not support this approach to interpreting the policy. *See Graber,* 797 P.2d at 216 (concluding coverage did not exist through a careful exegesis of contractual language defining "property damage").

Great Western argues that its security interests are tangible property because "a mortgage interest does not exist apart from the mortgage document," and mortgage documents are tangible. However, because Great Western never claims that its losses arose because of damage to the mortgage papers themselves, this argument is unavailing.

Great Western argues that State Farm should be equitably estopped from denying coverage because State Farm denied its duty to defend National in the Montana state lawsuit brought by Great Western. However, aside from conclusory allegations, Great Western has provided no evidence that State Farm refused to provide National with a defense; in fact, Great Western admits that State Farm offered to appoint an attorney for National in October of 1999, before Great Western filed suit against National, and Great Western admits that State Farm only received notice that National had been sued in Mon-

tana state court after that suit had concluded. "The mere existence of a scintilla of evidence" will not suffice to defeat a properly supported motion for summary judgment; "there must be evidence on which the jury could reasonably find for plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Great Western argues that the district court erred when it held, as an alternative basis for its ruling, that because the State Farm policy excluded coverage for liability arising from the negligent provision of "professional services," National's losses were not covered by the State Farm policy. Because we conclude that Great Western did not suffer any losses to "tangible property," there is no need to reach this alternative basis for the district court's ruling.

State Farm cross-appeals the district court's denial of State Farm's motion to strike as moot. Given the grounds on which we have resolved Great Western's appeal, State Farm's motion to strike remains moot, and therefore we affirm the district court's denial of State Farm's motion as moot.

**AFFIRMED.**